A Z SHMINA AND SONS COMPANY v DEPARTMENT OF
TREASURY

Docket No. 141607. Submitted October 13, 1993, at Lansing. Decided
December 29, 1993, at 9:25 A.M.

A. Z. Shmina and Sons Company brought an action in the Court
of Claims against the Department of Treasury, seeking a re-
fund of an assessment of single business taxes for the period of
May 1, 1984, through April 30, 1988, that was paid under
protest. During that period, the plaintiff used the completed
contract method of accounting to calculate its federal tax and
single business tax, and its gross receipts for the purpose of
determining its eligibility for the small business credit. Using
that accounting method, its gross receipts were less than the
maximum allowable gross receipts that could be earned to be
eligible for the small business credit under § 36(2) of the Single
Business Tax Act (SBTA), MCL 208.36(2); MSA 7.558(36)(2),
which resulted in it having no tax liability under the SBTA. The
defendant disallowed the small business credit on the basis that
the completed contract method of accounting could not be used
to calculate eligibility for the small business credit. The court,
Michael G. Harrison, J., granted summary disposition for the
defendant. The plaintiff appealed.

The Court of Appeals *held:*

The SBTA does not prescribe the method of accounting to be
used to calculate gross receipts, and there is nothing in the act
that precludes the taxpayer from using the completed contract
method of accounting to calculate gross receipts for the purpose
of determining eligibility for the small business credit. Accord-
ingly, the premise that the completed contract method is a
proper method to calculate gross receipts must be accepted. The
defendant's reliance on a statement contained in a tax bulletin
it distributed to taxpayers is misplaced because that statement
was not adopted as an administrative rule and the depart-
ment's construction of the act is not supported by the language
of the act. Accordingly, the trial court should have denied the

REFERENCES

Am Jur 2d, State and Local Taxation §§ 578 *et seq.*
See ALR Index under States; Taxes.

defendant's motion for summary disposition and should have granted the plaintiff's cross-motion for summary disposition.

Reversed and remanded for entry of judgment for the plaintiff.

TAXATION — SINGLE BUSINESS TAX — GROSS RECEIPTS — SMALL BUSINESS CREDIT — COMPLETED CONTRACT METHOD OF ACCOUNTING.

A taxpayer that uses the completed contract method of accounting to compute federal tax liability and the single business tax may use that method of accounting to calculate gross receipts for purposes of the small business credit under the Single Business Tax Act (MCL 208.7[3], 208.36[2]; MSA 7.558[7][3], 7.558[36][2]).

*Miller, Canfield, Paddock & Stone* (by *Gregory A. Nowak*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Russell E. Prins* and *Daniel M. Greenberg*, Assistant Attorneys General, for the defendant.

Before: McDONALD, P.J., and GRIBBS and D. A. JOHNSTON,* JJ.

PER CURIAM. Plaintiff appeals as of right from a May 17, 1991, order of the Court of Claims granting summary disposition in favor of defendant in this action to recover taxes paid by plaintiff under protest of a Michigan single business tax assessment. We reverse.

The assessment in question was issued following an audit of plaintiff for the taxable period from May 1, 1984, through April 30, 1988. The assessment is attributable to the disallowance of plaintiff's Single Business Tax Act (SBTA), MCL 208.1 *et seq.*; MSA 7.558(1) *et seq.*, small business credit granted pursuant to MCL 208.36(2); MSA 7.558(36)

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(2). Specifically, defendant determined plaintiff's gross receipts for each tax year exceeded the maximum allowable gross receipts of $6 million permitted in order to claim a small business credit.

Plaintiff used the completed contract method of accounting in calculating both its federal tax and single business tax for the tax years in question. Under the completed contract method, billings on contracts extending more than one year are deferred until the tax year in which the contract is completed. Under this method, plaintiff's gross receipts for the years in question were below the $6 million limit prescribed in § 36 of the act.

An informal conference was conducted before a hearing referee. The referee concluded the audit treatment of including all plaintiff's billings as part of its gross receipts for purposes of the small business credit was appropriate and the assessment and penalty therefore accurate. Plaintiff paid the assessment under protest and brought this action. The matter was presented to the Court of Claims on cross-motions for summary disposition. It is from the court's grant of defendant's motion plaintiff now appeals.

During the tax years in question the SBTA permitted a credit against single business tax liability by any person whose "gross receipts" did not exceed $6 million. The dispute in this case concerns the definition of "gross receipts" or, more specifically, the purely legal question whether a taxpayer using the completed contract method of accounting for purposes of figuring its federal taxes and its single business tax liability may use the same method of accounting to determine gross receipts under the SBTA small business credit.

Defendant's position is set forth in its publication, Michigan Single Business Tax Questions and Answers, N-38, which reads:

> When a taxpayer reports on a completed con-
> tract method of accounting for federal income tax
> purposes, what is the method of accounting for
> SBT? . . .
> A. A taxpayer reporting on a completed contract
> method must use the same method to determine
> the SBT liability, EXCEPT for the following calcula-
> tions:
> 1. Gross receipts from contracts is the sum of
> billings on all contracts engaged in during the
> current taxable year.

In support of its position, defendant argues use
of the completed contract method of accounting
when figuring gross receipts may frustrate the
Legislature's intent to afford a credit to only small
businesses. Defendant argues a relatively large
business utilizing the completed contract method
may on paper appear small during the years con-
tracts are not completed, when, in fact, the size of
the business remains the same throughout the
duration of the contracts. We agree use of this
method of accounting may in some instances per-
mit large businesses to avail themselves of the
credit. Although this may not have been the intent
of the Legislature in drafting the act, nothing in
the statute precludes a taxpayer from using the
completed contract method of accounting. In fact,
we must start with the premise that the completed
contract method of accounting is the proper
method for plaintiff to use. When figuring its
single business tax liability a taxpayer is to utilize
its business income for a tax base. MCL 208.9(1);
MSA 7.558(9)(1). Section 3(3) of the act, MCL
208.3(3); MSA 7.558(3)(3), defines business income
as being equal to federal taxable income. Thus, a
taxpayer such as plaintiff, who properly utilized
the completed contract method of accounting in
figuring its federal taxable income necessarily in-

corporates that method when figuring its single business tax liability. Although other sections of the act clearly prescribe that a certain method of accounting other than that utilized when figuring its tax base be utilized,[1] the statute requires no specific method when calculating gross receipts.

Gross receipts are defined in § 7(3), MCL 208.7(3); MSA 7.558(7)(3), as equal to "the sum of sales, as defined in subsection (1), and rental or lease receipts." Subsection 1 of § 7 defines "sales" as follows:

> "Sale" or "sales" means the gross receipts arising from a transaction or transactions in which gross receipts constitutes consideration: (a) for the transfer of title to, or possession of, property that is stock in trade or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the tax period or property held by the taxpayer primarily for sale to customers in the ordinary course of its trade or business, or (b) for the performance of services, which constitute business activities other than those included in (a), or from any combination of (a) or (b).

As previously noted, we agree with defendant's argument that application of the contested accounting method may result in businesses other than those contemplated by the Legislature taking advantage of the small business credit. We also recognize our duty to afford defendant's construction of the statute respectful consideration. *Oakland Schools Bd of Ed v Superintendent of Public Instruction*, 401 Mich 37; 257 NW2d 73 (1977). However, because defendant's construction is not clearly supported by the statute, and in some

---

[1] See § 4(3), MCL 208.4(3); MSA 7.558(4)(3) (compensation), § 46, MCL 208.46; MSA 7.558(46) (property factor), § 50, MCL 208.50; MSA 7.558(50) (payroll), and § 51, MCL 208.51; MSA 7.558(51) (sales factor).

respects appears contrary to the language of the statute, we decline to accept it. The statute afforded plaintiff no notice that its method of accounting, properly utilized to figure its federal taxable income and its tax base for purposes of its single business tax liability, was not permitted when figuring its entitlement to the small business tax credit. Nor did defendant afford plaintiff proper notice. We reject defendant's attempt to argue plaintiff was given adequate notice of its requirement to utilize a billing method of accounting by its publication of Michigan Single Business Tax Questions and Answers, N-38. The publication is nothing more than a written statement of defendant's position and policies with regard to certain aspects of the act. It does not contain promulgated rules that plaintiff is required to follow. The publication itself states: "These statements are not to be construed as promulgated rules and regulations and are subject to change."

Had defendant promulgated, pursuant to § 80(2) of the act, MCL 208.80(2); MSA 7.558(80)(2), a rule requiring taxpayers to utilize the billing method of accounting when calculating gross receipts, a different result might have been reached. However, as it stands, we find no statutory, and have been provided no regulatory, support requiring plaintiff to utilize a method other than the completed contract method when calculating its gross receipts for the years in question.

The decision of the Court of Claims is hereby reversed. Judgment shall enter in favor of plaintiff.